UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CYNTHIA IMMACULADA LOPEZ,

                            Plaintiff,                  **ORDER**
                                                                14-cv-2530 (SJF) (SIL)
        -against-

BELL SPORTS, INC., EASTON-BELL
SPORTS, BELL HELMET CORP. and
BELL HELMET, INC.,

                            Defendants.
----------------------------------------------------------X
**LOCKE, Magistrate Judge:**

      Before the Court on referral from the Honorable Sandra J. Feuerstein in this personal injury and products liability case is a motion by the Town of Southampton (the "Town") (DE [11]) to intervene for the limited purpose of opposing Plaintiff's otherwise fully briefed motion, (DE [13]), to join the Town and Suffolk County as Defendants pursuant to Fed. R. Civ. P. 20 and remand to state court. For the reasons set forth herein, the motion is GRANTED.[1]

## BACKGROUND

      The following facts are taken from the Complaint. This action arises out of a bicycle accident that Plaintiff alleges occurred on June 1, 2013, in the Town of Southampton, in Suffolk County, New York. Plaintiff claims that she got caught in a large pothole and was thrown from her bicycle while participating in a recreational cycling event and struck her head on the pavement.

---

[1] Fed. R. Civ. P 72(a) vests the magistrate judge with the authority to issue orders on pretrial matters that are not "dispositive of a claim or defense of a party". Prior decisions of this Court have held an order granting leave to intervene is not dispositive and is subject to review under the "clearly erroneous" standard. *E.g. United States v. Certain Real Prop. & Premises Known as 1344 Ridge Rd., Laurel Hollow, Syosset, N.Y.*, 751 F. Supp. 1060, 1061 (E.D.N.Y. 1989) (magistrate judge did not exceed his authority by issuing order, rather than recommendation, on motion to intervene); *Arista Records, Inc. v. Dalaba Color Copy Ctr., Inc.*, No. 05-CV-3634 DLI MDG, 2007 WL 749737, at *1 (E.D.N.Y. Mar. 7, 2007) ("a motion to intervene [is] not a dispositive motion on the merits").

Compl. ¶¶ 25-26. According to the Complaint, Plaintiff's helmet cracked when she hit the ground, causing her to sustain serious head injuries. *Id.* at ¶ 26.

On March 14, 2014, Plaintiff filed this product liability suit in New York State Supreme Court, Kings County against the Defendants in this action ("Bell Defendants"), whom she alleges manufactured and/or sold the bicycle helmet she was wearing at the time of the accident. On April 25, 2014, Plaintiff filed a second action against the County of Suffolk and the Town (together, the "Municipal Defendants") in New York State Supreme Court, Suffolk County, alleging negligent maintenance, repair, repaving and control of the public roadway. On April 25, 2014, the Bell Defendants removed this action to this court on the basis of diversity jurisdiction (DE [1]). On April 30, 2014, Plaintiff served her notice of a motion to join the Municipal Defendants and remand the case to New York State Supreme Court, Kings County. (*See* DE [7]). On May 14, 2014, proposed Defendant the Town of Southampton filed this motion to intervene in order to oppose Plaintiff's motion for joinder and remand. (DE [11]).

## LEGAL STANDARD

Motions to intervene are governed by Rule 24 of the Federal Rules of Civil Procedure. Rule 24 provides for two types of intervention: intervention as of right and permissive intervention. To intervene as of right under Fed.R.Civ.P. 24 (a)(2), an applicant must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992)[2].

Permissive intervention may be granted under Fed. R. Civ. P. 24 (b)(2) "when an applicant's claim or defense and the main action have a question of law or fact in common." Permissive intervention is at the discretion of the district court, which must consider "whether the

---

[2] Fed. R. Civ. P. 24 (a)(1) governs intervention as of right where provided for by statute and does not apply here.

intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24.

Several district courts adjudicating motions to join new defendants have allowed the proposed new defendants to intervene for the limited purpose of opposing joinder. *E.g. Hildes v. Andersen*, No. 08-CV-0008-BEN (RBB), 2010 WL 2836769, at *6 (S.D. Cal. July 19, 2010), *rev'd in part on other grounds*, *Hildes v. Arthur Andersen LLP*, 734 F.3d 854 (9th Cir. 2013) (noting that "[i]f the Motion to Amend is granted, the [proposed defendants] will incur legal expenses to litigate the action, which they would not have otherwise incurred absent an order granting that motion."); *Edlinger v. United States*, No. 3:10-CV-148, 2010 WL 1485951, at *4 (N.D.N.Y. Apr. 14, 2010); *BMC-The Benchmark Mgmt. Co. v. Ceebraid-Signal Corp.*, No. 1:05-CV-1149-WSD, 2006 WL 2189703, at *6n6 (N.D. Ga. Aug. 1, 2006); *Raymond v. Sloan*, No. CIV. 1:13-423 WBS, 2014 WL 4215378, at *4 (D. Idaho Aug. 25, 2014); *Mailey v. SEPTA*, 204 F.R.D. 273, 275 (E.D. Pa. 2001).

**DISCUSSION**

Applying these standards, the Town's motion to intervene is granted. Initially, the Town has satisfied the standards for intervention as of right under Fed. R. Civ. P. 24 (a)(2). The motion is timely, being filed five days after Plaintiff gave notice of her intention to join the Town as a Defendant. Additionally, the Town has an interest in this action, so much so that it is a named defendant in a parallel litigation brought by Plaintiff in New York State Court based on the same events at issue here. *Lopez v. County of Suffolk and the Town of Southampton*, No. 0063073/2014 (filed Apr. 25, 2014). Further, the Town's interests may not be adequately protected and may be adversely impacted if intervention is denied. Plaintiff has filed two lawsuits, one against the Bell Defendants and the other against the Town and Suffolk County, claiming that one or more of them is responsible for her injuries. Moreover, it is likely that each of the Defendants will assert

defenses attempting to shift liability to a co-Defendant. Under these circumstances, the Town should be permitted to represent itself in order to adequately protect its interests against both Plaintiff's claims and co-Defendants' defenses. Accordingly, intervention under Fed. R. Civ. P. 24 (a)(2) is appropriate.

Alternatively, even if intervention as of right were not warranted, permissive intervention under Fed. R. Civ. P. 24 (b) is proper. Plaintiff's injuries, and her claims against the Bell Defendants, the Town and Suffolk County arise from a single set of operative facts, namely a cycling accident that occurred on June 1, 2013. She has filed two lawsuits against three sets of Defendants, who as set forth above, among their defenses, may lay fault with each other. Under these circumstances, even if intervention as of right were inappropriate, permissive intervention would be warranted. Accordingly, the Town's motion to intervene is granted under the both Fed. R. Civ. P. 24 (a)(2) and 24 (b).

## CONCLUSION

The Town of Southampton's motion to intervene for the purpose of opposing Plaintiff's motion to join it as a Defendant is GRANTED. The Town is directed to electronically file its opposition papers on or before December 1, 2014. Plaintiff will file her reply to the Town's opposition on or before December 15, 2014.

Dated: Central Islip, New York  
       November 18, 2014

**SO ORDERED:**

 s/ Steven I. Locke  
STEVEN I. LOCKE  
United States Magistrate Judge