FILED
CLERK
3/25/2015 2:40 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CYNTHIA IMMACULADA LOPEZ,

              Plaintiff,                   **ORDER**
                                                     14-CV-2530 (SJF)(SIL)

    -against-

BELL SPORTS, INC., EASTON-BELL SPORTS,
BELL HELMET CORP. and BELL HELMET, INC.,


              Defendants.
----------------------------------------------------------------X
FEUERSTEIN, J.

       On March 14, 2014, plaintiff commenced this product liability action ("Action 1") against the above-named defendants ("Bell" or "defendants") in the New York State Supreme Court, Kings County, and on April 25, 2014, defendants removed Action 1 to this Court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1441 and 1446. [Docket Entry No. 1 ("Notice of Removal")]. On April 25, 2014, plaintiff filed a second action ("Action 2") in New York State Supreme Court, Suffolk County, against the Town of Southampton (the "Town") and the County of Suffolk (the "County"). Both actions arise out of a June 1, 2013 bicycle accident in which plaintiff, wearing a helmet manufactured by Bell, struck a pothole, was thrown from her bicycle, and sustained serious head injuries. [Docket Entry No. 1-1 ("Complaint" or "Compl.")]. On April 30, 2014, plaintiff moved pursuant to 28 U.S.C. § 1446(b) for joinder of the County and Town in Action 1 and for remand to the New York State Supreme Court, Kings County based on the fact that joinder would eliminate complete diversity and divest this Court of subject matter jurisdiction. [Docket Entry No. 7].

       Now before the Court is the Report and Recommendation of Magistrate Judge Steven I. Locke dated January 16, 2015, that plaintiff's motion for permissive joinder of the Town and the

County be granted and this action be remanded to New York State Supreme Court. [Docket Entry No. 27 (the "Report")].[1] The County filed objections to the Report on January 28, 2015 [Docket Entry No. 29 ("County Obj.")] and a letter in support of those objections on February 5, 2015 [Docket Entry No. 31 ("County Letter")], and the Town filed objections to the Report on January 30, 2015 [Docket Entry No. 30 ("Town Obj.")]. On February 6, 2015, plaintiff filed a response to the Town Obj. [Docket Entry No. 32 ("Pl. Resp. to Town Obj.")] and a response to the County Obj. [Docket Entry No. 33 ("Pl. Resp. to County Obj.")]. On March 10, 2015, plaintiff filed a letter in response to the County Letter. [Docket Entry No. 35 ("Plaintiff Letter")]. The Court has fully considered the parties' submissions. For the reasons that follow, the Court adopts the Report's recommendation that plaintiff's motion for permissive joinder of the Town be granted, rejects the Report's recommendation that plaintiff's motion for permissive joinder of the County be granted and adopts the Report's recommendation that plaintiff's motion for remand to New York State Supreme Court be granted.

I.   STANDARD OF REVIEW

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06-civ-5450, 07-civ-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009); *see also Butto v. Collecto, Inc.*, 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes

---

[1] The facts underlying this action are set forth in the Report and are hereby incorporated by reference. *See* Report, at 1-4.

only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), *aff'd*, 305 F. App'x 815 (2d Cir. Jan. 9, 2009); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II. DISCUSSION

The Town objects to the Report's recommendation finding that the motion for joinder was not intended to defeat diversity jurisdiction. *See generally* Town. Obj. Under the doctrine of fraudulent joinder, "[a] plaintiff may not defeat diversity jurisdiction by improperly joining a non-diverse defendant with no genuine connection to the matter." *Brown v. Eli Lilly and Co.*, 654 F.3d 347, 356 (2d Cir. 2011); *see also Bounds v. Pine Belt Mental Health Care Resources,* 593 F.3d 209, 215 (2d Cir. 2010). The Second Circuit has held that "[t]he doctrine of fraudulent joinder is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction. Under the doctrine, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004) (citations omitted). "In order to show that naming a non-diverse defendant is a

3

'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). "Where neither the facts of the case nor the applicable state law provide a possibility of recovery against a named or prospective defendant, joinder of that individual is considered fraudulent and may not serve as the basis for remand." *Sonn v. Wal– Mart Stores, Inc.*, No. 06-civ-1816, 2006 WL 2546545, at *3 (E.D.N.Y. Sept. 1, 2006); *see also Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001). Remand is precluded on the so-called fraudulent joinder grounds only "where state case law or legislation removes all reasonable possibility that the plaintiff would be permitted to litigate the claim." *Vanderzalm v. Sechrist Indus., Inc.*, 875 F. Supp. 2d 179, 187 (E.D.N.Y. 2012) (internal citations omitted). "The defendant seeking removal bears a heavy burden of proving fraudulent joiner [sic], and all factual and legal issues must be resolved in favor of the plaintiff." *Pampillonia*, 138 F.3d at 461.

Upon *de novo* review, the Court accepts the Report's recommendation that plaintiff's joinder of the Town was not fraudulent. In its objections, the Town does not argue that there has been outright fraud committed in plaintiff's pleadings, but argues that joinder is fraudulent because "[t]he affidavit of the Town Clerk of the Town of Southampton conclusively establishes the lack of prior written notice, and demonstrates that the plaintiff has no valid claim against the Town of Southampton…[t]hus, the plaintiff's attempt to join the Town for the purpose of remand is fraudulent." Town Obj., at 5. The Town argues that the Report "overlooked the argument that no prior written notice of the alleged defect was given to the Town by any party, resulting in a complete defense to the Town against the plaintiff's claim" (Town Obj., at 2), and that the Report mischaracterized defendant's argument that recovery by plaintiff against the

4

municipal defendants on her tort claims is "unlikely" (Town Obj. at 3 (citing Report, at 11-12)), when in fact recovery is "prohibited as a matter of law." Town Obj., at 3.

The Court disagrees that "[i]n the absence of prior written notice…plaintiff cannot state a viable cause of action against the Town." Town Obj., at 5. Under New York law, where a municipality has enacted a prior written notice statute, as the Town has in this case,[2] "it may not be subjected to liability for injuries caused by an improperly maintained roadway unless either it has received prior written notice of the defect *or an exception to the prior written notice requirement applies*." *Griesbeck v. Cnty. of Suffolk*, 44 A.D.3d 618, 619, 843 N.Y.S.2d 162 (App. Div. 2d Dep't 2007) (emphasis added). "An exception to the prior written notice requirement applies only where, through an act of negligence, the municipality affirmatively creates the defect by doing work that immediately results in the existence of a dangerous condition, or where the municipality makes special use of the property on which the defect is located resulting in a special benefit to the locality." *Desposito v. City of New York*, 55 A.D.3d 659, 660, 866 N.Y.S.2d 248 (App. Div. 2d Dep't 2008) (internal citations omitted). "Where the [municipality] establishes that it lacked prior written notice…the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule – that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality." *Yarborough v. City of New York*, 10 N.Y.3d 726, 728, 882 N.E.2d 873 (2008).

---

[2] *See* Town Obj., at 4 (quoting Town Law § 65-a(1) ("no civil action shall be maintained against any town…for damages or injuries to person or property sustained by reason of any highway, bridge or culvert being defective, out of repair, unsafe, dangerous or obstructed unless written notice of such defective, unsafe, dangerous or obstructed condition…was actually given to the town clerk or the town superintendent of highways, and that there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect, danger or obstruction complained of…")).

5

While the Town met its initial burden of establishing that it did not receive prior written notice of any defective or dangerous condition as required by Southampton Town Code, Section 287-1 and Section 65-A of the Town Law of the State of New York (*see* Docket Entry No. 30, Exs. B, C), this does not, contrary to the Town's assertions, "demonstrate that the plaintiff has no valid claim against the [Town]…[and] [t]hus, the plaintiff's attempt to join the Town for the purpose of remand is fraudulent" (Town Obj., at 5) because here, plaintiff has demonstrated the possibility of recovery under state law by alleging an exception to the prior written notice requirement: that the Town affirmatively created the defect. *See* Pl. Resp. to Town Obj., at 14-18; *see also Kiernan v. Thompson*, 73 N.Y.2d 840, 841-42, 534 N.E.2d 39, 40 (1988) (affirming denial of City's motion for summary judgment because plaintiff was not required to provide prior written notice "since the City created the crack in the pavement"). Even if plaintiff's ability to prevail on this exception to the prior written notice requirement is slim, "any possibility of recovery, however slim, weighs against a finding of fraudulent joinder and in favor of remand." *DNJ Logistic Grp., Inc. v. DHL Exp. (USA), Inc.*, 727 F. Supp. 2d 160, 165, 171 (E.D.N.Y. 2010) ("even if there is doubt as to whether [the] complaint would survive a motion to dismiss in state court, this doubt does not preclude remand…it is only in the situations where the state case law or legislation removes all reasonable possibility that the plaintiff would be permitted to litigate the claim that remand should be denied" (internal citations omitted)); *see also Henderson v. Washington Nat. Ins. Co.,* 454 F.3d 1278, 1283–84 (11th Cir. 2006) (remanding where it was determined that the plaintiff's "patchy allegations may ultimately prove insufficient" but defendant had not shown that there was no possibility that a colorable claim had been asserted).

Therefore, the Court adopts the Report's recommendation that plaintiff's motion seeking permissive joinder of the Town be granted and that the case be remanded to the New York State

Supreme Court, Kings County due to this Court's lack of diversity subject matter jurisdiction.[3]

However, the Report's recommendation that the County be joined is rejected given that after issuance of the Report, the New York State Supreme Court, Suffolk County granted the County's motion to dismiss the Complaint against it in Action 2 "based upon the County of Suffolk's non-involvement with the situs of the plaintiff's accident." County Letter, Ex. A, at 1. Thus, plaintiff's request to join the County is denied because the state court action has already been dismissed against the County and joinder is not permitted where "there can be no recovery [against the joined defendant] under the law of the state on the cause alleged..." *Rodriguez by Rodriguez v. Abbott Labs.*, 151 F.R.D. 529, 532 (S.D.N.Y. 1993) (defendant "[could not] be joined to [the] action as it was already granted summary judgment [by the State Court] dismissing the prior state court action against it.").

III. CONCLUSION

For the foregoing reasons, plaintiff's motion to join the County is denied, plaintiff's motion to join the Town is granted, and this action is remanded to state court for further proceedings.

**SO ORDERED.**

s/ Sandra J. Feuerstein_____
Sandra J. Feuerstein
United States District Judge

Dated: March 25, 2015
       Central Islip, New York

---

[3] Plaintiff is a citizen of New York State (*see* [Docket Entry No. 1-1]) and the Town, as "a political subdivision of the state…is a citizen of the State for diversity purposes." *Moor v. County of Alameda*, 411 U.S. 693, 717, 93 S.Ct. 1785, 1799–1800, 36 L.Ed.2d 596 (1973).

7